FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/17/2022 12:00 PM
JAMIE SMITH
DISTRICT CLERK
A-209122

NO._____

| | |
|---|---|
| **BYRON K. MORGAN, II, GARY A.** § | **IN THE DISTRICT COURT** |
| **PATTEN AND WILLIAM DAVID** § | |
| **FRANKLIN, A/N/F/ OF K.W. AND B.W.,** § | |
| **MINORS** § | |
| § | **_____ JUDICIAL DISTRICT** |
| **VS.** § | |
| § | |
| **TIMOTHY P. KAUFFMAN and** § | |
| **CHRISTIAN AID MINISTRIES INC.** § | **JEFFERSON COUNTY, TEXAS** |

## <u>PLAINTIFFS' ORIGINAL PETITION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME, **BYRON K. MORGAN, II, GARY A. PATTEN and WILLIAM DAVID**

**FRANKLING, a/n/f of K.W. AND B.W., MINORS,** hereinafter called Plaintiffs, complaining

of and about **TIMOTHY P. KAUFFMAN and CHRISTIAN AID MINISTRIES INC.,**

hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiffs, Byron K. Morgan, II, Gary A. Patten and William David Franklin, a/n/f

of K.W. and B.W., Minors, are domiciled in Texas and are appearing through their attorney of

record.

3.      Defendant, Timothy P. Kauffman, is an individual who resides in Burkesville,

Kentucky, who may be served with process at his home located at 2367 Gray Gap Road, Burkesville,

KY 42747.

1

4.      Defendant, Christian Aid Ministries Inc., is a corporation with its principal place of business in Ohio,  and may be served by serving its officer/CEO Michael Martin at P.O. Box 360, Berlin, Ohio 44610.

## JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      Plaintiffs seek:

      a.      monetary relief over $1,000,000.00; and

      b.      judgment for that amount.

7.      Venue in Jefferson County is proper in this cause under Texas Civil Practice and Remedies Code Section 15.002(a)(1) because all or a substantial part of the events and omissions of Defendants giving rise to this claim occurred in Jefferson County, Texas.   The court has jurisdiction over this case because the amount in controversy is within the jurisdictional limits of this Court.

## FACTS

8.      On or about February 4, 2020, a vehicle driven by Defendant, Timothy P. Kauffman (hereinafter "Defendant Kauffman), and owned by Defendant, Christian Aid Ministries Inc., failed to control his speed and rear-ended the vehicle being driven by Plaintiffs causing a serious wreck. *See Exhibit 1.*

9.      As a direct and proximate cause of the accident, Plaintiffs, Byron K. Morgan, II, Gary A. Patten and William David Franklin,  a/n/f of K.W. and B.W., Minors, sustained injuries.

2

## CAUSE(S) OF ACTION AGAINST
## DEFENDANT, TIMOTHY P. KAUFFMAN

10.     Defendant Kauffman is liable for Plaintiffs' injuries, which were incurred as a result of the collision on or about February 4, 2020.  At the time of the accident, Defendant Kauffman was operating his vehicle in a negligent and grossly negligent manner.  Specifically, Defendant Kauffman had a duty to exercise ordinary care and operate his vehicle reasonably and prudently.  Defendant Kauffman breached that duty in one or more of the following ways:

      a.      Failing to timely apply his brakes;
      b.      Failing to maintain a proper lookout;
      c.      Failing to maintain proper control of his vehicle;
      d.      Failing to yield the right of way;
      e.      Failing to turn his vehicle in an effort to avoid the collision; and
      f.      Driving his vehicle at a rate of speed that an ordinary and prudent person would not have driven under the same or similar circumstances.

## CAUSES OF ACTION AGAINST
## DEFENDANT, CHRISTIAN AID MINISTRIES INC.

11.     On February 4, 2020, Defendant, Christian Aid Ministries Inc., was the owner of the vehicle operated by Defendant Kauffman. Defendant Defendant, Christian Aid Ministries, entrusted the vehicle to Defendant Kauffman, a reckless and incompetent driver.  Defendant, Christian Aid Ministries, knew, or through the exercise of reasonable care should have known, that Defendant Kauffman was a careless and reckless driver and should not have entrusted him with the vehicle. As described herein, Defendant Kauffman caused the accident on the occasion in question. Defendant Kauffman's negligence was the proximate cause of Plaintiffs' damages.  Furthermore, if Defendant, Christian Aid Ministries, had not entrusted the vehicle to Defendant Kauffman on the day in question, the accident would not have occurred.

12. On January 4, 2020, Defendant, Christian Aid Ministries, had employed Defendant, Timothy P. Kauffman, who was operating the vehicle that was at fault for this incident. Defendant, Christian Aid Ministries, allowed Defendant Kauffman, a reckless and careless driver, to drive its truck while pulling a trailer.

13. Defendant, Christian Aid Ministries' acts and omissions through its employee caused the damages to Plaintiffs.

14. As described herein, Defendant Kauffman caused the accident on the occasion in question.

15. Defendant Kauffman's negligence and gross negligence was the proximate cause of Plaintiffs' damages.

## A. RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

16. Defendant, Christian Aid Ministries, is liable for Defendant Kauffman's acts and omissions, as Defendant Kauffman was at all times relevant to this injury, directly employed by Defendant, Christian Aid Ministries.

## B. NEGLIGENT SUPERVISION AND TRAINING

17. Defendant, Christian Aid Ministries, failed to properly supervise and train its agents, employees, and/or independent contractors. This failure to properly supervise Defendant Kauffman has caused Plaintiffs' physical injuries.

## C. PRINCIPAL-AGENT LIABILITY

18. Defendant, Christian Aid Ministries, is liable for Defendant Kauffman's acts and omissions, as Defendant was at all times relevant to these injuries, directly employed by Christian Aid Ministries and was in the course and scope of his employment when Defendant Kauffman's acts

4

and omissions caused Plaintiffs' injuries.

### D. NEGLIGENT ENTRUSTMENT

19.     Defendant, Christian Aid Ministries' entrustment of the vehicle to Defendant Kauffman proximately caused this incident and injuries.

### DAMAGES

20.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **Byron K. Morgan, II,** was caused to suffer personal injuries and to incur the following damages:

      a.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Byron K. Morgan, II, for the necessary care and treatment of the injuries resulting form the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

      b.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

      c.    Physical bodily pain and suffering in the past;

      d.    Physical bodily pain and suffering in the future;

      e.    Mental anguish in the past;

      f.    Mental anguish in the future;

      g.    Loss of earnings in the past/future; and

      h.    Physical Impairment/Loss of Enjoyment of Life.

21.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **Gary Patten,** was caused to suffer personal injuries and to incur the following damages:

      a.    Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Gary Patten, for the necessary care and treatment of the

       injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c.     Physical bodily pain and suffering in the past;

d.     Physical bodily pain and suffering in the future;

e.     Mental anguish in the past;

f.     Mental anguish in the future;

g.     Loss of earnings in the past/future; and

h.     Physical Impairment/Loss of Enjoyment of Life.

22.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, **William David Franklin, a/n/f/ of K.W., a Minor,** was caused to suffer personal injuries and to incur the following damages:

a.     Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff, K.W., a Minor, for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

b.     Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c.     Physical bodily pain and suffering in the past;

d.     Physical bodily pain and suffering in the future;

e.     Mental anguish in the past;

f.     Mental anguish in the future; and

g.     Physical Impairment/Loss of Enjoyment of Life.

23.     As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff, **William David Franklin, a/n/f/ of B.W., a Minor,** was caused to suffer personal injuries

and to incur the following damages:

a.     Reasonable medical care and expenses in the past.  These expenses were
incurred by Plaintiff, B.W., a Minor, for the necessary care and treatment of
the injuries resulting from the accident complained of herein and such
charges are reasonable and were usual and customary charges for such
services;

b.     Reasonable and necessary medical care and expenses which will in all
reasonable probability be incurred in the future;

c.     Physical bodily pain and suffering in the past;

d.     Physical bodily pain and suffering in the future;

e.     Mental anguish in the past;

f.     Mental anguish in the future; and

g.     Physical Impairment/Loss of Enjoyment of Life.

## **RULE 193.7 NOTICE**

24.     Plaintiffs hereby put Defendants on notice that Plaintiffs intend to use Defendants'

discovery responses as evidence at trial in accordance with such right and privileges established by

Texas Rules of Civil Procedure 193.7.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs, Byron K. Morgan, II, Gary Patten and Jessica Wimbley, a/n/f of K.W. and B.W., Minors, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of this cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest a the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**LINDSAY, LINDSAY & PARSONS**

John Pat Parsons
State Bar License No. 24065876
jparsons@llptx.com
710 North 11th Street
Beaumont, Texas 77702
409-833-1196
409-832-7040 (Fax)

**ATTORNEYS FOR PLAINTIFFS,
BYRON K. MORGAN, II, GARY
PATTEN AND WILLIAM DAVID
FRANKLIN A/N/F OF K.W. AND B.W.,
MINORS**

8



**Texas Department of Transportation**

125 EAST 11TH STREET, AUSTIN, TEXAS 78701-2483 | 512.463.8588 | WWW.TXDOT.GOV

Thu, 27 February 2020

STATE OF TEXAS          §

This is to certify that I, Jim Hollis, am employed by the Texas Department of Transportation (Department); that I am the Custodian of Motor Vehicle Crash Records for such Department; that the attached is a true and correct copy of the peace officer's report filed with the Department referred to in the attached request with the crash date of Mon, 24 February 2020, which occurred in Jefferson County; that the investigations of motor vehicle crashes by peace officers are authorized by law; that this Texas Peace Officer's Crash Report is required by law to be completed and filed with this Department; that this report sets forth matters observed pursuant to duty imposed by law as to which matters there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.

Jim Hollis
Director, Crash Data & Analysis Section
125 East 11th Street
Austin, TX  78701-2483
1-844-274-7457





OUR VALUES: *People • Accountability • Trust • Honesty*
OUR MISSION: *Connecting You With Texas*

An Equal Opportunity Employer

Low Enforcement and TxDOT Use ONLY

☐ FATAL   ☐ CMV   ☐ SCHOOL BUS   ☐ RAILROAD   ☐ MAB   ☐ SUPPLEMENT   ☐ ACTIVE SCHOOL ZONE

| Total Num. Units | 4 | Total Num. Prsns. | 1 | 1 | TxDOT Crash ID | 17565595.1 /2020085212 |

## Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)
Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457
Refer to Attached Code Sheet for Numbered Fields
*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

Page 1 of 5

### IDENTIFICATION & LOCATION

| *Crash Date (MM/DD/YYYY) | *Crash Time (24HRMM) | Case ID | Local Use |
|---|---|---|---|
| 0 2 / 2 4 / 2 0 2 0 | 0 7 4 3 | 2020004254 | |

*County Name JEFFERSON

*City Name BEAUMONT   ☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property?  ☒ Yes  ☐ No

Latitude (decimal degrees) |   .   |    °  

Longitude — (decimal degrees) |   .   |    °  

**ROAD ON WHICH CRASH OCCURRED**

| *1 Rdwy. Sys. US | *Hwy. Num. 69 | 2 Rdwy. Part 1 | Block Num. 4500 | 3 Street Prefix | *Street Name CARDINAL | 4 Street Suffix DR |

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot   ☐ Toll Road/ Toll Lane   Speed Limit 65   Const. Zone ☐ Yes ☒ No   Workers Present ☐ Yes ☒ No   Street Desc.

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

| At Int. ☐ Yes ☒ No | 1 Rdwy. Sys. SH | Hwy. Num. 124 | 2. Rdwy. Part 1 | Block Num. 4400 | 3 Street Prefix | Street Name FANNETT | 4 Street Suffix RD |

Distance from Int. or Ref. Marker  0.01   ☐ FT ☒ MI   3 Dir. from Int. or Ref. Marker W   Reference Marker   Street Desc.   RRX Num.

| Unit Num. 1 | 5 Unit Desc. 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | LP Num | VIN | |

| Veh. Year 2 0 0 6 | 6. Veh. Color SIL | Veh. Make CHEVROLET | Veh. Model 3500 | 7 Body Style PK | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | DL/ID State OH | DL/ID Num. | 9 DL Class 98 | 10 CDL End. 96 | 11 DL Rest. 98 | DOB (MM/DD/YYYY) |

Address (Street, City, State, ZIP)

### VEHICLE, DRIVER, & PERSONS

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | KAUFFMAN, TIMOTHY PAUL | N | | W | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | 3 | HOOVER, ANDREW | N | 44 | W | 1 | 1 | 1 | 1 | 97 | N | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |
| 3 | 2 | 4 | MARTIN, RYAN | N | 20 | W | 1 | 1 | 1 | 1 | 97 | N | | | | | |
| 4 | 2 | 6 | WENGER, KARLYN | N | 19 | W | 1 | 1 | 1 | 1 | 97 | N | | | | | |

☒ Owner ☐ Lessee   Owner/Lessee Name & Address CHRISTIAN AID MINISTRIES, BERLIN, OH 44610

Proof of Fin. Resp. ☒ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type 2   Fin. Resp. Name THE CINCINNATI INSURANCE CO   Fin. Resp. Num.

Fin. Resp. Phone Num.

27 Vehicle Damage Rating 1 | 1 | 2 | - | F | D | - | 2

27 Vehicle Damage Rating 2 |   |   | - |   |   | - |

Vehicle Inventoried ☐ Yes ☒ No

Towed By  DRIVEN AWAY   Towed To  DRIVER

| Unit Num. 2 | 5 Unit Desc. 6 | ☐ Parked Vehicle | ☐ Hit and Run | LP State | LP Num. | VIN | |

| Veh. Year 2 0 1 1 | 6. Veh. Color | Veh. Make UNKNOWN | Veh. Model UNKNOWN | 7 Body Style TL | ☐ Pol, Fire, EMS on Emergency (Explain in Narrative if checked) |

| 8 DL/ID Type | DL/ID State | DL/ID Num. | 9 DL Class | 10 CDL End. | 11 DL Rest. | DOB (MM/DD/YYYY) / / |

Address (Street, City, State, ZIP)

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle Enter Driver or Primary Person for this Unit on first line | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☐ Owner ☐ Lessee   Owner/Lessee Name & Address CHRISTIAN AID MINISTRIES, BERLIN, OH 44610

Proof of Fin. Resp. ☒ Yes ☐ No   ☐ Expired ☐ Exempt   26 Fin. Resp. Type 2   Fin. Resp. Name THE CINCINNATI INSURANCE CO   Fin. Resp. Num.

Fin. Resp. Phone Num.

27 Vehicle Damage Rating 1 |   |   | - |   |   | - |

27 Vehicle Damage Rating 2 |   |   | - |   |   | - |

Vehicle Inventoried ☐ Yes ☒ No

Towed By   Towed To

Copy from Custodial File

Law Enforcement and TxDOT Use ONLY.
Form CR-3 (Rev. 1/1/2018)

Page 2 of 5

| Case ID | 2020004254 | TxDOT Crash ID | 17585595.1/2020085212 |
|---|---|---|---|

**DISPOSITION OF INJURED/KILLED**

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

**CHARGES**

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| 1 | 1 | FAIL TO CONTROL SPEED | 086591 |
| | | | |
| | | | |

**DAMAGE**

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| ONE MEDIAN CABLE POLE | TXDOT | 8350 EASTEX FWY BEAUMONT 77708 |

**CMV**

| Unit Num. | ☐ 10,001+ LBS. | ☐ TRANSPORTING HAZARDOUS MATERIAL | ☐ 9+ CAPACITY | CMV Disabling Damage? ☐ Yes ☐ No | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. | |
|---|---|---|---|---|---|---|---|---|

| Carrier's Corp. Name | | Carrier's Primary Addr. | | | | | 30 Veh. Type |
|---|---|---|---|---|---|---|---|

| 31 Bus Type | ☐ RGVW ☐ GVWR | HazMat Released ☐ Yes ☐ No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type |
|---|---|---|---|---|---|---|---|

| Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No | Unit Num. | ☐ RGVW ☐ GVWR | 34 Trlr. Type | CMV Disabling Damage? ☐ Yes ☐ No |
|---|---|---|---|---|---|---|---|

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit ☐ Yes ☐ No | Actual Gross Weight | Total Num. Axles |
|---|---|---|---|---|---|---|---|

**FACTORS & CONDITIONS**

| 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |
| 1 | 22 | | | | 3 | 1 | 97 | 4 | 2 | 2 | 17 |

**NARRATIVE AND DIAGRAM**

Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets if Necessary)

UNIT 1 WAS TOWING UNIT 2 TRAVELING EB IN THE 4500 BLOCK OF
CARDINAL DR.  UNIT 3 WAS TRAVELING IN THE SAME DIRECTION IN
FRONT OF UNITS 1&2.  UNIT 4 WAS TRAVELING IN THE SAME DIRECTION
IN FRONT OF UNIT 3.  UNITS 3&4 STOPPED DUE TO TRAFFIC.  UNIT 1
DRIVER STATED THAT HE WAS UNABLE TO STOP TO AVOID COLLISION WITH
UNIT 3.  UNIT 1 COLLIDED WITH UNIT 3, UNIT 3 COLLIDED WITH UNIT
4 AND THEN VEERED LEFT AND COLLIDED WITH THE CABLE BARRIER IN
THE GRASSY MEDIAN.

Field Diagram - Not to Scale



Copy from Custodial File

**INVESTIGATOR**

| Time Notified (24HR:MM) | 0 7 4 6 | How Notified | DISPATCHED | Time Arrived (24HRMM) | 0 7 5 3 | Report Date (MM/DD/YYYY) | 02/24/2020 |
|---|---|---|---|---|---|---|---|

| Invest. Comp. | ☒ Yes ☐ No | Investigator Name (Printed) Young, Charles A. | | | | ID Num. | 25001 |
|---|---|---|---|---|---|---|---|

| ORI Num. | T X 1 2 3 0 1 0 0 | *Agency BEAUMONT POLICE DEPARTMENT | | Service/ Region/DA | 0 1 |
|---|---|---|---|---|

Law Enforcement and TxDOT Use ONLY

☐ FATAL ☐ CMV ☐ SCHOOL BUS ☐ RAILROAD ☐ MAB ☐ SUPPLEMENT ☐ ACTIVE SCHOOL ZONE

Total Num. Units: 4 | Total Num. Prsns.: 11 | TxDOT Crash ID: 17585595.1 /2020085212

**Texas Peace Officer's Crash Report (Form CR-3 1/1/2018)**

Mail to: Texas Department of Transportation, Crash Data and Analysis, P.O. Box 149349, Austin, TX 78714. Questions? Call 844/274-7457

Refer to Attached Code Sheet for Numbered Fields

*=These fields are required on all additional sheets submitted for this crash (ex.: additional vehicles, occupants, injured, etc.).

## IDENTIFICATION & LOCATION

*Crash Date (MM/DD/YYYY): 02/24/2020 | *Crash Time (24HRMM): 0743 | Case ID: 2020004254 | Local Use:

*County Name: JEFFERSON | *City Name: BEAUMONT | ☐ Outside City Limit

In your opinion, did this crash result in at least $1,000 damage to any one person's property? ☒ Yes ☐ No | Latitude (decimal degrees): | Longitude — (decimal degrees):

**ROAD ON WHICH CRASH OCCURRED**

*1 Rdwy. Sys.: US | *Hwy. Num.: 69 | 2 Rdwy. Part: 1 | Block Num.: 4500 | 3 Street Prefix: | *Street Name: CARDINAL | 4 Street Suffix: DR

☐ Crash Occurred on a Private Drive or Road/Private Property/Parking Lot | ☐ Toll Road/Toll Lane | Speed Limit: 65 | Const. Zone: ☐ Yes ☒ No | Workers Present: ☐ Yes ☒ No | Street Desc.:

**INTERSECTING ROAD, OR IF CRASH NOT AT INTERSECTION, NEAREST INTERSECTING ROAD OR REFERENCE MARKER**

At Int.: ☐ Yes ☒ No | 1 Rdwy. Sys.: SH | Hwy. Num.: 124 | 2. Rdwy. Part: 1 | Block Num.: 4400 | 3 Street Prefix: | Street Name: FANNETT | 4 Street Suffix: RD

Distance from Int. or Ref. Marker: 0.01 | ☐ FT ☒ MI | 3 Dir. from Int. or Ref. Marker: W | Reference Marker: | Street Desc.: | RRX Num.:

## VEHICLE, DRIVER, & PERSONS

Unit Num.: 3 | 5 Unit Desc.: 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State: TX | LP Num.: [redacted] | VIN: [redacted]

Veh. Year: 2012 | 6. Veh. Color: WHI | Veh. Make: CHRYSLER | Veh. Model: UNKNOWN | 7 Body Style: P4 | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type: 1 | DL/ID State: TX | DL/ID Num.: [redacted] | 9 DL Class: C | 10 CDL End.: 96 | 11 DL Rest.: 96 | DOB (MM/DD/YYYY): [redacted]

Address (Street, City, State, ZIP): [redacted]

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle (Enter Driver or Primary Person for this Unit on first line) | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | MORGAN II, BYRON KANE | C | 31 | B | 1 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| 2 | 2 | 3 | PATTEN, GARY ANTHONY | C | 29 | B | 1 | 1 | 1 | 1 | 97 | N | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |
| 3 | 2 | 6 | [redacted] | C | 6 | B | 1 | 1 | 1 | 1 | 97 | N | | | | | |
| 4 | 2 | 4 | [redacted] | C | 6 | B | 1 | 1 | 1 | 1 | 97 | N | | | | | |

☒ Owner ☐ Lessee | Owner/Lessee Name & Address: FRANKLIN, WILLIAM DAVID, [redacted]

Proof of Fin. Resp.: ☐ Yes ☒ No ☐ Expired ☐ Exempt | 26 Fin. Resp. Type: | Fin. Resp. Name: | Fin. Resp. Num.:

Fin. Resp. Phone Num.: | 27 Vehicle Damage Rating 1: 6-BD-4 | 27 Vehicle Damage Rating 2: 1-FR-2 | Vehicle Inventoried: ☐ Yes ☒ No

Towed By: TNT WRECKER | Towed To: LOT

Unit Num.: 4 | 5 Unit Desc.: 1 | ☐ Parked Vehicle | ☐ Hit and Run | LP State: TX | LP Num.: [redacted] | VIN: [redacted]

Veh. Year: 2019 | 6. Veh. Color: GRY | Veh. Make: FORD | Veh. Model: EXPLORER | 7 Body Style: SV | ☐ Pol., Fire, EMS on Emergency (Explain in Narrative if checked)

8 DL/ID Type: 1 | DL/ID State: TX | DL/ID Num.: [redacted] | 9 DL Class: C | 10 CDL End.: 96 | 11 DL Rest.: A | DOB (MM/DD/YYYY): [redacted]

Address (Street, City, State, ZIP): [redacted]

| Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle (Enter Driver or Primary Person for this Unit on first line) | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. | 22 Alc. Spec. | Alc. Result | 23 Drug Spec. | 24 Drug Result | 25 Drug Category |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 1 | 1 | PHILLIPS, CHRISTA LYNN | N | 23 | W | 2 | 1 | 1 | 1 | 97 | N | 96 | | 96 | 97 | 97 |
| | | | | | | | | | | | | | Not Applicable - Alcohol and Drug Results are only reported for Driver/Primary Person for each Unit. | | | | |

☒ Owner ☐ Lessee | Owner/Lessee Name & Address: PHILLIPS, CHRISTA LYNN, [redacted]

Proof of Fin. Resp.: ☒ Yes ☐ No ☐ Expired ☐ Exempt | 26 Fin. Resp. Type: 2 | Fin. Resp. Name: FARMER'S (TX. COUNTY MUTUAL) INS. CO. | Fin. Resp. Num.: [redacted]

Fin. Resp. Phone Num.: (800) 225-0011 | 27 Vehicle Damage Rating 1: 8-LBQ-1 | 27 Vehicle Damage Rating 2: - - | Vehicle Inventoried: ☐ Yes ☒ No

Towed By: DRIVEN AWAY | Towed To: DRIVER

Copy from Custodial File

Law Enforcement and TxDOT Use ONLY.
Form CR-3 (Rev. 1/1/2018)

Page 4 of 5

| Case ID | 2020004254 | TxDOT Crash ID | 17585595.1/2020085212 |
|---|---|---|---|

## DISPOSITION OF INJURED/KILLED

| Unit Num. | Prsn. Num. | Taken To | Taken By | Date of Death (MM/DD/YYYY) | Time of Death (24HR:MM) |
|---|---|---|---|---|---|
| 3 | 1 | REFUSED EMS | REFUSED EMS | | |
| 3 | 2 | REFUSED EMS | REFUSED EMS | | |
| 3 | 3 | REFUSED EMS | REFUSED EMS | | |
| 3 | 4 | REFUSED EMS | REFUSED EMS | | |

## CHARGES

| Unit Num. | Prsn. Num. | Charge | Citation/Reference Num. |
|---|---|---|---|
| 3 | 1 | FAIL TO DISPLAY DL | 086590 |
| 3 | 1 | NO FIN RESP. | 086590 |

## DAMAGE

| Damaged Property Other Than Vehicles | Owner's Name | Owner's Address |
|---|---|---|
| | | |

## CMV

| Unit Num. | | 10,001+ LBS. | TRANSPORTING HAZARDOUS MATERIAL | 9+ CAPACITY | CMV Disabling Damage? Yes No | 28 Veh. Oper. | 29 Carrier ID Type | Carrier ID Num. | 30 Veh. Type |
|---|---|---|---|---|---|---|---|---|---|

Carrier's Corp. Name / Carrier's Primary Addr.

| 31 Bus Type | RGVW GVWR | HazMat Released Yes No | 32 HazMat Class Num. | HazMat ID Num. | 32 HazMat Class Num. | HazMat ID Num. | 33 Cargo Body Type |
|---|---|---|---|---|---|---|---|

| Unit Num. | RGVW GVWR | 34 Trlr. Type | CMV Disabling Damage? Yes No | Unit Num. | RGVW GVWR | 34 Trlr. Type | CMV Disabling Damage? Yes No |
|---|---|---|---|---|---|---|---|

| Sequence Of Events | 35 Seq. 1 | 35 Seq. 2 | 35 Seq. 3 | 35 Seq. 4 | Intermodal Shipping Container Permit Yes No | Actual Gross Weight | Total Num. Axles |
|---|---|---|---|---|---|---|---|

## FACTORS & CONDITIONS

| 36 Contributing Factors (Investigator's Opinion) | | | 37 Vehicle Defects (Investigator's Opinion) | | Environmental and Roadway Conditions | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Unit # | Contributing | May Have Contrib. | Contributing | May Have Contrib. | 38 Weather Cond. | 39 Light Cond. | 40 Entering Roads | 41 Roadway Type | 42 Roadway Alignment | 43 Surface Condition | 44 Traffic Control |

## NARRATIVE AND DIAGRAM

Investigator's Narrative Opinion of What Happened
(Attach Additional Sheets If Necessary)

Field Diagram - Not to Scale

Copy from Custodial File

## INVESTIGATOR

| Time Notified (24HR:MM) | 0 7 4 6 | How Notified DISPATCHED | Time Arrived (24HRMM) | 0 7 5 3 | Report Date (MM/DD/YYYY) 02/24/2020 |
|---|---|---|---|---|---|

| Invest. Comp. | X Yes No | Investigator Name (Printed) Young, Charles A. | | ID Num. 25001 |
|---|---|---|---|---|

| ORI Num. | T X 1 2 3 0 1 0 0 | *Agency BEAUMONT POLICE DEPARTMENT | Service/Region/DA 0 1 |
|---|---|---|---|

Law Enforcement and TxDOT Use ONLY.
Form CR-3 (Rev. 1/1/2018)

| Case ID | 2020004254 | TxDOT Crash ID | 17585595.1/2020085212 | Page _5_ of _5_ |
|---|---|---|---|---|

| *Crash Date (MM/DD/YYYY) | 0 2 / 2 4 / 2 0 2 0 | *Crash Time (24HRMM) | 0 | 7 | 4 | 3 | *County Name  JEFFERSON | | |
|---|---|---|---|---|---|---|---|---|---|---|

| *City Name  BEAUMONT | | | *1 Rdwy. Sys.  US | *Hwy. Num.  69 |
|---|---|---|---|---|

| *Street Name  CARDINAL |
|---|

| ORI Num. | T | X | 1 | 2 | 3 | 0 | 1 | 0 | 0 | *Agency  BEAUMONT POLICE DEPARTMENT | Service/ Region/DA | 0 | 1 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

| Unit Num. | Person Num. | 12 Prsn. Type | 13 Seat Position | Name: Last, First, Middle | 14 Injury Severity | Age | 15 Ethnicity | 16 Sex | 17 Eject. | 18 Restr. | 19 Airbag | 20 Helmet | 21 Sol. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 5 | 2 | 5 | WEAVER, WESLEY | N | 19 | W | 1 | 1 | 1 | 1 | 97 | N |
| 1 | 6 | 2 | 8 | HOOVER, JORDAN | N | 19 | W | 1 | 1 | 1 | 1 | 97 | N |

ADDITIONAL PERSONS

Copy from Custodial File

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/17/2022 12:00 PM
JAMIE SMITH
DISTRICT CLERK
A-209122

NO._____

| | |
|---|---|
| BYRON K. MORGAN, II, GARY A. PATTEN AND WILLIAM DAVID FRANKLIN, A/N/F/ OF K.W. AND B.W., MINORS | § § § § § § § § § | IN THE DISTRICT COURT ___ JUDICIAL DISTRICT JEFFERSON COUNTY, TEXAS |

BYRON K. MORGAN, II, GARY A.                  §      IN THE DISTRICT COURT
PATTEN AND WILLIAM DAVID                       §
FRANKLIN, A/N/F/ OF K.W. AND B.W.,        §
MINORS                                                          §
                                                                          §      _____ JUDICIAL DISTRICT
VS.                                                                    §
                                                                          §
TIMOTHY P. KAUFFMAN and                       §
CHRISTIAN AID MINISTRIES INC.            §      JEFFERSON COUNTY, TEXAS

## <u>PLAINTIFFS' JURY DEMAND</u>

Plaintiffs respectfully request a jury trial.

Respectfully submitted,

LINDSAY, LINDSAY & PARSONS

_____

John Pat Parsons
State Bar License No. 24065876
jparsons@llptx.com
710 North 11th Street
Beaumont, Texas 77702
409-833-1196
409-832-7040 (Fax)

**ATTORNEYS FOR PLAINTIFFS,
BYRON K. MORGAN, II, GARY
PATTEN AND WILLIAM DAVID
FRANKLIN A/N/F OF K.W. AND B.W.,
MINORS**

1

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/14/2022 9:19 AM
JAMIE SMITH
DISTRICT CLERK
A-209122

CAUSE NO. A-209122

| | | |
|---|---|---|
| BYRON K. MORGAN, II, GARY A. | § | IN THE DISTRICT COURT |
| PATTEN AND WILLIAM DAVID | § | |
| FRANKLIN, A/N/F/ OF K.W. AND B.W., | § | |
| MINORS | § | |
| | § | |
| V. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| TIMOTHY P. KAUFRMAN and | § | |
| CHRISTIAN AID MINISTRIES INC. | § | 58TH JUDICIAL DISTRICT |
| | § | |

**DEFENDANT'S ORIGINAL ANSWER AND SPECIAL EXCEPTIONS**

The Christian Aid Ministries, Inc., Defendant in the above-styled cause, files this Original Answer to Plaintiff's Original Petition ("Answer"), generally denying the allegations in Plaintiff's Original Petition ("Petition"), asserting specific defenses thereto, and asserting special exceptions.

**I. ORIGINAL ANSWER**

**GENERAL DENIAL**

1.      Subject to such stipulations and/or admissions that may hereinafter be made, Defendant enters this general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure, thereby denying every allegation against Defendant contained in Plaintiff's live petition and demanding strict proof thereof as required by the laws of the State of Texas.

**AFFIRMATIVE DEFENSES**

2.      Further, and/or in the alternative, Defendant invokes the statutory limitation on the recovery of medical or health care expenses under the provisions of TEX. CIV. PRAC. & REM. CODE § 41.0105.

3.      Further, and/or in the alternative, Defendant affirmatively pleads the defenses of contribution and proportionate responsibility pursuant to Chapters 32 and 33 of the Texas Civil Practice & Remedies Code and asserts that the alleged damage in question was caused in whole or

in part by the acts, omissions, comparative negligence, and/or contributory negligence of Plaintiff, other parties, and/or non-parties over which Defendant exercised no control.  Accordingly, Defendant respectfully requests the Court and/or jury compare the relative percentages of fault of all parties to this lawsuit and any negligent, culpable and/or strictly liable third party and/or responsible third party, whether a party to this suit or otherwise, pursuant to the doctrine of proportionate responsibility.  *See* TEX. CIV. PRAC. & REM. CODE §§ 33.001-33.017.

4.      Further, and/or in the alternative, Plaintiff's alleged injuries, if any, were a result of prior and/or subsequent conditions or occurrences for which this Defendant was not responsible.

5.      Further, and/or in the alternative, Defendant asserts that any complained of damages by Plaintiffs were not caused by the actions of Defendant, rather they were pre-existing conditions in Plaintiffs at the time of the incident which serves as the basis for this suit.

6.      Further, and/or in the alternative, to the extent Plaintiffs are asserting recovery of lost earnings, loss earning capacity, loss contribution of pecuniary value or loss of inheritance, the limitations of TEX. CIV. PRAC. & REM. CODE § 18.091 apply.

## II. SPECIAL EXCEPTIONS

7.      Pursuant to TEXAS RULES OF CIVIL PROCEDURE 90 & 91, Defendant hereafter describes the defects in Plaintiff's Petition. Defendant explicitly reserves its right to set these special exceptions for hearing and secure a ruling on the same.

8.      Plaintiff has improperly alleged this Court's jurisdiction over Defendant. Allegations in petitions served against nonresident defendants must be sufficient to meet due process requirements.[1] Service of process under TEX. R. CIV. P. 108 does not, in and of itself, confer *in personam* jurisdiction.[2] To pass constitutional muster, Plaintiff was required to allege:

---

[1] *Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 496 (Tex.1988).
[2] *Id.* at 495.

(i) that Christian Aid Ministries, Inc. purposefully did some act or consummated some transaction in Texas; (ii) that the cause of action against Defendant arose from or was connected with such act or transaction; and (iii) that the assumption of jurisdiction by this Court will not offend "traditional notions of fair play and substantial justice."[3] However, Plaintiff has merely alleged, in ¶ 3 of the Petition, that the court "has venue" over Christian Aid Ministries because it "acts or events took place in Texas." This allegation is insufficient, and Plaintiff must replead and allege facts demonstrating Defendant's purposeful availment, a causal nexus, and the lack of offense to fair plan and substantial justice.

### III. RIGHT TO AMEND

9.      Defendant reserves the right to amend its this Answer, and counterclaim as matters are more fully developed.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Christian Aid Ministries, Inc. respectfully prays that the relief sought in Plaintiff's Original Petition be DENIED, that Plaintiff takes nothing, and that Defendant goes hence without delay with its costs and all such other and further relief to which it may be justly entitled to receive

Respectfully submitted,

**EGGLESTON & BRISCOE, LLP**
4800 Three Allen Center
333 Clay Street
Houston, Texas 77002
(713) 659-5100 - Telephone
(713) 951-9920 - Facsimile

By: __/s/ *David K. Loveless*___
        David K. Loveless

---

[3] *Herbert v. Greater Gulf Coast Enterprises, Inc.*, 915 S.W.2d 866, 870 (Tex. App.—Houston [1st Dist.] 1995, no writ).

State Bar No. 24060192
dkl@egglestonbriscoe.com

ATTORNEY FOR CHRISTIAN AID
MINISTRIES, INC.

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing instrument has been served on all counsel of record in accordance with the TEXAS RULES OF CIVIL PROCEDURE on February 14, 2022.

John Pat Parsons
Lindsay, Lindsay & Parsons
710 North 11th Street
Beaumont, Texas 77702
(409) 832-7040 – Fax
jparsons@llptx.com

/s/ David K. Loveless

David K. Loveless

4